IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM HEWLETT, #37305-133         *
      Petitioner,
v.                                       *     CIVIL NO. WDQ-10-1485

JOHN F. CARAWAY, WARDEN         *
      Respondent.
                                         ***

MEMORANDUM

William Hewlett, a U.S. Bureau of Prisons's ("BOP") inmate confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed this 28 U.S.C. § 2241 Petition for habeas corpus relief and Motion for Expedited Discovery on June 7, 2010. He alleged that BOP authorities have refused to process his request for relocation of release designation from Tennessee to Williamsburg, Virginia, making it impossible for him to satisfy the U.S. Parole Commission's ("Commission") requirement that he have a suitable release plan. ECF Nos. 1 & 2. As relief, he seeks a court-ordered relocation release to the Eastern District of Virginia.

The Respondent has filed an answer to the Petition, arguing that Petition should be dismissed because: (i) Petitioner failed to exhaust all available remedies prior to filing the Petition; (ii) Petitioner does not meet the criteria for granting injunctive relief; and (iii) the Petition should be denied as moot because the relief requested has already been granted. ECF No. 7. Petitioner has filed a Response and Motion of Objection. ECF Nos. 14 & 15. The case may be decided without a hearing. *See* Local Rule 105.6. (D. Md. 2010).

The Petitioner is serving a 60-year sentence with a minimum ten-year term for murder in violation of 18 U.S.C. § 1111 and a concurrent 5-year sentence for false use of a social security number in violation of 42 U.S.C. § 408(g)(2). The sentences were imposed in the United States District Court for the Eastern District of Tennessee in 1989. ECF No. 7, Ex. 1, Attachment B.

Respondent states that Petitioner is projected for a March 19, 2013 release via the presumptive parole method.[1]

Under 28 U.S.C. § 2.33(b), generally a parolee is released to the place of his legal residence unless the Commission is satisfied that another place of residence will service the public interest more effectively or will improve the probability of the applicant's readjustment. Release plans are routinely developed through the cooperative effort of the BOP and Probation Service staff.

Petitioner's Inmate Skills Development Plan and Progress Report from January 11, 2010 indicated that his intended release location was Charleston, West Virginia, but he did not indicate a specific Charleston address. ECF No. 7, Ex. 1 at Attachment C.

At his third statutory interim parole hearing conducted in March 2010, the hearing examiner noted that Petitioner intended to relocate to Williamsburg, Virginia upon his release and reside with an 89-year-old female friend. Petitioner identified this person as a friend of his deceased parents. At the conclusion of the hearing, the hearing examiner recommended that Petitioner's presumptive parole date should be advanced from March 19, 2013, to September 19, 2012, with special conditions. The decision was the result of a 6-month award for Superior Program Achievement. The Commission did not, however, concur with the recommended advancement and on April 27, 2010, made no change in the March 2013 presumptive parole date and special condition of drug and alcohol aftercare. When given notice of the Commission's decision, Petitioner was informed that the presumptive parole date was conditioned on his development of a suitable release plan under 28 C.F.R. § 2.33(a) and that the Commission would review his case up to nine months prior to the

---

[1] According to the verified exhibits associated with Petitioner's March 17, 2010 parole review, his Unit and Case Manager presented commendatory information which indicated that Petitioner: (1) had a "realistic release plan;" (2) continued to receive outstanding UNICOR work evaluations; (3) completed a Victim Impact Counseling Group program; and (4) won a UNICOR-sponsored essay contest. ECF No. 7, Ex. 2, P-3.

presumptive parole date to determine if this condition was met. ECF No. 7, Ex. 2 at Attachment P-3.

Petitioner appealed the Commission's decision, alleging that it had relied upon a deficient progress report that did not reflect his actual achievements in the institution. The National Appeals Board affirmed the Commission's decision, finding that the information relied on by the Commission was not erroneous and that the progress report submitted by prison staff was sufficient for purposes of a statutory interim parole hearing. *Id.*, Ex. 2 at Attachments P-4 & P-5.

At his next Program Review on July 12, 2010, an update to Petitioner's release residence noted that he would reside with his female friend in Williamsburg, Virginia. *Id.*, Ex. 2 at Attachment D. FCI-Cumberland authorities asked the United States Probation Office in Alexandria, Virginia to investigate the proposed relocation plan submitted by Petitioner and to advise FCI-Cumberland personnel on the acceptability of the plan. The letter requesting the investigation indicated that Petitioner had been sentenced in the Eastern District of Tennessee, but was requesting a relocation release to an address in the Eastern District of Virginia. *Id.*, Ex. 2 at Attachment E.

On August 11, 2010, the U.S. Probation Office informed FCI-Cumberland that it did not recommend Petitioner's proposed relocation release plan. Its investigation revealed that the elderly female "friend" was the mother of one of Petitioner's former cellmates who was not the owner of the residence. In addition, the owner of the residence would not approve of Petitioner residing at the address. *Id.*, Ex. 2 at Attachment F.

According to Respondent, Petitioner has filed approximately 303 administrative remedies while incarcerated in the BOP, with 22 of those remedies filed at FCI-Cumberland. Respondent documents that of those 22 remedies, only three were fully exhausted and none of those related to the issues raised in this Petition. ECF No. 7, Ex. 2 at Attachments G & H. Petitioner acknowledges

non-exhaustion, but claims that he could not comply with exhaustion because prison staff confiscated his documents and refused to process them. ECF No. 1 at p. 6. In his response he argues that he attempted to informally resolve the issue and his exhibits will show that his administrative remedy documents were twice confiscated, leaving him with no available remedies.[2] ECF No. 15.

There is no dispute that Petitioner failed to exhaust his claims regarding the refusal to process his request for relocation of release. He alleges that he was impeded from exhausting his remedies by the confiscation of his documents by BOP staff and their refusal "to process same..." Respondent argues with supporting records that Petitioner was able to file administrative remedies regarding other issues, e.g., programming and classification, at the institutional and regional levels during 2009-2010. ECF No. 7, Ex. 2 at Attachment H. Although this raises the question whether the Petitioner was totally hindered from exhausting administrative remedies during the relevant period, it is not responsive to his claim that personnel confiscated documents needed to administratively grieve

---

[2] It is well established that before an inmate can bring a § 2241 habeas corpus petition challenging the length and duration of his confinement, he must exhaust his administrative remedies. *See Pelisse v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Muscat v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Dent v. Zink*, 408 F.Supp.2d 103, 105 (E. D. N.Y. 2005). This exhaustion requirement is judicially imposed. Unlike the statutory exhaustion requirement applicable to cases under the Prison Litigation Reform Act or 42 U.S.C. § 1997e(a), it remains within the Court's discretion and may be waived in certain circumstances, *e.g.*, futility, no adequate relief, and a showing of cause and prejudice. *See Wick v. England*, 327 F.3d 1296, 1304 (11th Cir. 2003); *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10-42.19. First, inmates informally present their complaints to the unit team, and the unit team attempts to informally resolve any issue before an inmate files a request for administrative remedy. *Id.* at § 542.13(a). If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined. *Id.* at §§ 542.14. If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director. *Id.* at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office). *Id.*

his relocation release plan claim.³ Arguendo, that Petitioner's non-exhaustion was excused by obstacles imposed by BOP staff; the Court finds no merit to his claims.

Petitioner seeks court order to enforce his proposed relocation release plan to Virginia. To the extent he seeks injunctive relief, his Petition shall be denied. The party seeking an injunction must demonstrate: (1) by a "clear showing" that, he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374-376 (2008).⁴ For the reasons stated below, because Petitioner cannot show likelihood of success on the merits and irreparable harm, injunctive relief is not warranted.

The Petitioner claims that the BOP refused to process his request for a relocation release plan. In fact, the Williamsburg, Virginia relocation plan was submitted and processed by BOP authorities who went through the appropriate channel, the U.S. Probation Office in the Eastern District of Virginia, to obtain approval of the plan. The plan was disapproved because the Petitioner inaccurately stated his proposed residential arrangement.

Title 28 U.S.C. § 2241 permits a federal prisoner to challenge his imprisonment on the ground that his custody violates the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968). The Court finds no constitutional violation arising

---

³ The number of grievances filed by Petitioner during his BOP confinement (303) shows that he is aware of the administrative remedy process and seeks remedies unless, as he argues, he is prejudiced from doing so because of factors outside his control.

⁴ The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) no longer governs preliminary injunctions. Rather, *Winter* governs emergency relief in this circuit. *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, ___U.S. ___, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

from the submission and processing of the request for relocation of supervision plan. It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Petitioner was afforded all process due to him with regard to his release relocation plan; there is no showing of an inordinate delay in the processing of the plan, nor has Petitioner claimed or shown that the information submitted to the U.S. Probation Office by FCI-Cumberland personnel was erroneous. He otherwise has no constitutional right to approval of his request for relocation of release designation. The Petitioner has failed to show irreparable injury from the denial of his injunctive relief request. Decisions regarding his relocation of release designation do not extend his federal sentence or prevent him from being paroled sooner than his presumptive parole date. For the stated reasons, the Petition will be dismissed.[5]

Date: 4/27/11

William D. Quarles, Jr.
United States District Judge

---

[5] The Petitioner's Motions for Expedited Discovery and of Objection are moot and will be denied.